UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01526-FWS-KES                    Date: April 24, 2026
Title: Megan Stearns v. Stewart Title Guaranty Company *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Damian Velazquez for Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

Not Present                                    Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

Plaintiff Megan Stearns ("Plaintiff") brings this wage-and-hour case against Defendant Stewart Title Guaranty Company ("Defendant"). (*See generally* Dkt. 1-2.) Previously, the court granted the motion of Plaintiff's counsel, Diane L. Mancinelli and Dianna M. Heck ("Counsel"), to withdraw from representation because they had been unable to communicate with Plaintiff. (Dkts. 20 ("Prior Order").) Counsel served Plaintiff with a copy of the court's order in which the court ordered Plaintiff "to file a statement on or before April 3, 2026, confirming to the court that she wishes to continue prosecuting this case, either pro se or through another attorney besides Counsel" and warned that failure "to file such a statement or seek other appropriate relief will result in dismissal of this case for failure to prosecute." (*Id.* at 3-4; Dkt. 25 (Counsel's proof of service).) More than two weeks after the deadline, Plaintiff has not filed any such statement with the court. (*See generally* Dkt.) Based on the state of the record, as applied to the relevant law, the court **DISMISSES** this case.

District courts "have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). When determining "whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

---

**CIVIL MINUTES – GENERAL**                                                    1

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

# JS-6

Case No. 8:25-cv-01526-FWS-KES                                   Date: April 24, 2026
Title: Megan Stearns v. Stewart Title Guaranty Company *et al.*

_____

In this case, the court concludes these factors support dismissal due to Plaintiff's failure to prosecute this case and comply with the court's order. As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The second factor also favors dismissal because "it is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. Plaintiff's failure to litigate this case—either with counsel or *pro se*—has forced this action to "come to a complete halt," which allows a plaintiff "to control the pace of the docket rather than the Court." *Yourish*, 191 F.3d at 990 (finding that this factor favored dismissal when the plaintiffs had 60 days to file an amended complaint and instead tardily filed a motion for clarification).

As to the third factor, "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend." *Yourish*, 191 F.3d at 991. Here, Plaintiff has been unreachable, either by the court or by Counsel, for some time. (*See* Dkt. 16 at 5 (declaration from Counsel explaining that she has been "unable to communicate" with Plaintiff since November 13, 2025).) This factor therefore favors dismissal. *See Yourish*, 191 F.3d at 991-92 ("Plaintiffs' paltry excuse for his default on the judge's order [to file an amended complaint] indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal.").

Fourth, the public policy favoring disposition on the merits generally weighs against dismissal, but "it logically rests upon an inherent presumption a litigant . . . has manifested a diligent desire to prosecute his or her claims." *Ewing v. Ruano*, 2012 WL 2138159, at *2 (C.D. Cal. June 12, 2012). Indeed, "it is the plaintiff's responsibility to move a case toward a merits disposition." *Thomas v. Kernan*, 2019 WL 8888200, at *1 (C.D. Cal. July 10, 2019) (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). Therefore, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted). Plaintiff's failure to timely prosecute this case lessens the weight of the public policy favoring disposition on the merits. *See Ewing*, 2012 WL 2138159, at *2. This factor is neutral and does not preclude dismissal.

_____

**CIVIL MINUTES – GENERAL**                                              **2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

# JS-6

Case No. 8:25-cv-01526-FWS-KES                              Date: April 24, 2026
Title: Megan Stearns v. Stewart Title Guaranty Company *et al.*

Finally, the court informed Plaintiff that failure to file a statement would result in dismissal.  (Prior Order at 3-4); *see Ferdik*, 963 F.2d at 1262 ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); *Alliant Credit Union*, 2010 WL 3746727, at *2 ("The Court's prior order warned Plaintiff that the failure to file an amended complaint or a notice of voluntary dismissal would result in the dismissal of the action.").  This favor therefore weighs in favor of dismissal.

On balance, the court finds the relevant factors weigh in favor of dismissal.  *Cf. Ferdik*, 963 F.2d 1258, 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here.").  Plaintiff's Complaint, (Dkt. 1-2), is therefore **DISMISSED.**